IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

BOUZIS V. BOUZIS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JULIE D. BOUZIS, APPELLEE,

V.

MICHAEL J. BOUZIS II, APPELLANT.

Filed February 14, 2017.    No. A-15-1007.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed in part, and in part reversed and remanded for further proceedings.

David J. Reed for appellant.

Benjamin M. Belmont and Tosha Rae D. Heavican, of Brodkey, Peebles, Belmont & Line, L.L.P., for appellee.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

PIRTLE, Judge.

### INTRODUCTION

Michael J. Bouzis II appeals from a decree of the district court for Douglas County dissolving his marriage to Julie D. Bouzis. Michael takes issue with certain aspects of the court's distribution of marital property. Based on the reasons that follow, we affirm in part, and in part reverse and remand for further proceedings.

### BACKGROUND

Michael and Julie were married on May 28, 1983, and two children were born during the marriage. On March 23, 2012, Julie filed a complaint for dissolution of marriage. According to Julie, the parties separated in June 2012.

- 1 -

Trial was held in March 2015. Although custody of the parties' one minor child, child support, alimony, and division of marital property were all issues at trial, the only issues on appeal involve the court's distribution of two marital assets: a Ford Expedition and a Wells Fargo savings account. Accordingly, we only discuss the evidence related to these assets.

At trial, Michael presented a proposed balance sheet of the parties' assets and debts, which was admitted into evidence. Michael's counsel asked him about a 2001 Expedition trade-in listed on the balance sheet. The vehicle was valued at $3,000 and was listed as an asset under Julie's name. Michael testified that the vehicle had been a family car and that Julie kept possession of it when the parties separated. She subsequently traded it in for another car and was given an allowance of $3,000 as the trade-in value for the Explorer.

In regard to the bank account at issue, Julie presented a list of the parties' assets, which was received into evidence. One of the assets listed on the exhibit was a Wells Fargo savings account with a value of $19,864. Julie testified that $19,864 was the amount Michael indicated was in the account in his answers to interrogatories.

Michael's proposed balance sheet included the bank account at issue with a balance of $5,000. Michael testified that the balance sheet was a fair and accurate representation of the assets and debts of the marital estate. Michael also offered bank statements into evidence. The bank statement from the account at Wells Fargo showed that the balance as of July 10, 2013 was $4,178.36.

Following trial, the court entered a decree of dissolution on October 1, 2015, determining custody of the parties' minor child, child support, alimony, and dividing the marital property. In regard to the Ford Expedition, the trial court found the value to be $3,000 and awarded it to Michael for equalization purposes. However, on the balance sheet attached to the decree, the court placed the $3,000 value for the Ford Expedition in Julie's asset column.

In regard to the savings account at issue, the court found that Michael testified that the savings account had a balance of $5,000 at the time the parties separated, and that there was little other evidence of the value of this account. The court said it was assigning each party $2,500 for purposes of equalization. On the balance sheet attached to the decree however, the bank account is listed as an asset with a value of $19,864.00, which is assigned entirely to Michael. Based on the balance sheet calculations, the trial court determined that Michael owed Julie an equalization amount of $23,517.50.

On October 28, 2015, Michael filed a Motion Regarding Scrivener's Error, stating that the decree contained a scrivener's error which caused an inequitable result. He asserted that although the court found that the bank account had a balance of $5,000 and assigned half of the value to each party, the balance sheet contained a scrivener's error in that it used $19,864 as the value and assigned the entire value to Michael. He asked the court to remedy the error by entering a reformed decree with calculations that comported with the court's findings as to the bank account and equalization.

Based on the record before us, the trial court never ruled on Michael's Motion Regarding Scrivener's Error. Michael filed his notice of appeal the day after he filed his motion.

Although Michael captioned his motion as a "Motion Regarding Scrivener's Error," he was asking for more than a correction due to a scrivener's error. He was asking for a different result

and therefore, the motion sought to alter or amend the decree. A postjudgment motion must be reviewed based on the relief sought by the motion, not based on the title of the motion. *Whitesides v. Whitesides*, 290 Neb. 116, 858 N.W.2d 858 (2015). Neb. Rev. Stat. § 25-1329 (Reissue 2008) permits a party to seek to alter or amend a judgment only within 10 days after the entry of the judgment. See *Whitesides v. Whitesides, supra.* If such motion is timely filed, it tolls the time to file an appeal. See Neb. Rev. Stat. § 25-1912(3)(b) (Reissue 2016). Michael's motion was filed more than 10 days after the October 1, 2015 decree was entered. Thus, the motion was not timely filed and could not function as a motion under § 25-1329. Accordingly, Michael timely perfected his appeal and we have jurisdiction to hear the appeal.

## ASSIGNMENTS OF ERROR

Michael assigns that the trial court erred in its division of marital property by (1) utilizing flawed calculations, (2) inexplicably deviating from the evidence introduced at trial, and (3) incorporating and declining to correct a scrivener's error in the decree.

## STANDARD OF REVIEW

In actions for dissolution of marriage, an appellate court reviews the case de novo on the record to determine whether there has been an abuse of discretion by the trial judge. *Sellers v. Sellers*, 294 Neb. 346, 882 N.W.2d 705 (2016). This standard of review applies to the trial court's determinations regarding custody, child support, division of property, alimony, and attorney fees. *Id.*

## ANALYSIS

Michael's first two assignments of error are that the trial court erred in its division of marital property by utilizing flawed calculations, and by inexplicably deviating from the evidence introduced at trial. Essentially, Michael argues that the trial court erred in its calculations on the balance sheet and that the decree does not comport with the evidence presented at trial, specifically in regard to the Ford Expedition and the bank account.

*Ford Expedition*.

Michael argues that the trial court erred in awarding him the Expedition because the evidence showed that Julie had retained and converted the vehicle. Therefore, he argues that the Expedition should have been awarded to Julie.

The evidence at trial, based on Michael's testimony, showed that the parties had owned a 2001 Ford Expedition, which Julie retained when the parties separated and later traded in for a different vehicle. She received $3,000 as a trade-in value for the Expedition.

In the decree, the trial court found the value of the Ford Expedition to be $3,000 and awarded it to Michael for equalization purposes. However, on the balance sheet attached to the decree, the court put the Expedition, valued at $3,000, in Julie's asset column. Thus, although the court stated in its findings that it was awarding the Expedition to Michael, it did just the opposite on the balance sheet. The court included the Expedition as an asset awarded to Julie for purposes of calculating and distributing the marital estate. Therefore, on the balance sheet the court did exactly what Michael is arguing it should have done, it included the value of the Expedition in the

assets awarded to Julie. Although there is a discrepancy between the finding in the decree and the balance sheet, the court's treatment of the Expedition on the balance sheet comports with the evidence presented at trial.

*Bank Account.*

In regard to the Wells Fargo savings account, Michael argues that the trial court used the wrong amount on the balance sheet, $19,864.00 instead of $5,000.00, which resulted in an erroneous equalization payment of $23,517.50. He argues that in the absence of the erroneous amount used for the bank account, his equalization payment would have been significantly lower.

In the decree, the court said Michael testified that a savings account had a balance of $5,000 at the time of the parties' separation, and that there was little other evidence of the value of this account. The court stated that it was assigning each party $2,500 for purposes of equalization. We also note that before the decree was filed, the court sent a letter and proposed balance sheet to the parties requesting counsel to prepare and submit a decree which incorporated the findings of fact and conclusions of law set forth in the letter. In regard to the bank account, the trial court stated that the savings account had a balance of $5,000 and each party would be assigned $2,500 for purposes of equalization. However, this bank account was not included on the attached balance sheet.

On the balance sheet attached to the decree, however, "Bank Account" is listed as an asset and a value of $19,864.00 is assigned to Michael and no amount is assigned to Julie. Therefore, the court's balance sheet not only differs from the earlier balance sheet, it has a different amount than what is stated in the court's findings, and it also distributes the account differently than what was stated in the court's findings. We cannot reconcile this discrepancy based on the record before us in this appeal.

Julie testified that Michael indicated in his answers to interrogatories that the account at issue had a balance of $19,864. However, no testimony was provided as to the date of Michael's alleged valuation of the savings account. Further, Michael's answers to interrogatories are not in the record before us.

Michael's balance sheet that was admitted into evidence lists the savings account with a balance of $5,000. Michael also offered bank statements into evidence which showed that as of July 10, 2013, the account had a balance of $4,178.36. However, the parties separated a year prior to that date. In addition, the trial court stated that Michael testified that the bank account had a balance of $5,000 at the time of the parties' separation. We do not find such testimony in the record before us.

Based on the inconsistency between the court's findings in the decree and the differing balance sheets in regard to this bank account, as well as the fact that there was no evidence presented as to what the account balance was at the time of the parties' separation, we reverse and remand this issue to the trial court for further proceedings.

*Scrivener's Error.*

Michael also assigns that the trial court erred in incorporating and declining to correct a scrivener's error in the decree. His Motion Regarding Scrivener's Error was based on the

inconsistency between the court's findings in the decree and the balance sheet in regard to the bank account. Because we are reversing and remanding the matter to the trial court to determine the value of the bank account, we need not address this assignment of error. See *SBC v. Cutler*, 23 Neb. App. 939, 879 N.W.2d 45 (2016) (an appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it).

## CONCLUSION

Upon our de novo review of the record, we affirm the district court's decision to include $3,000 for the parties' Ford Expedition as an asset attributable to Julie in distributing the marital property. We further conclude that the district court abused its discretion in valuing and distributing the parties' Wells Fargo savings account, and we reverse and remand the matter to the district court for further proceedings to determine the account balance at the time of the parties' separation and to recalculate the equalization payment. The decree is affirmed in all other respects.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.